1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

**FRESNO DIVISION**

11
12

ZENTORY T. BEAN,

13

                                                    Petitioner,

14

                            vs.

15

JAMES TILTON, Secretary,

16

                                                    Respondent.

Civil No.          1:07cv1764 MJL (NLS)

**ORDER GRANTING IN PART AND
DENYING IN PART PETITION FOR
WRIT OF HABEAS CORPUS**

17

18 **I.       INTRODUCTION**

19          Zentory T. Bean, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

20 Corpus pursuant to 28 U.S.C. § 2254 ("Pet.") in the United States District Court for the Eastern District

21 of California challenging the sentence imposed as a result of his Kern County Superior Court

22 convictions following a no contest plea in case number BF112435 for voluntary manslaughter with a

23 personal use of a firearm and illegal possession of a firearm.  (Lodgment No. 1, Clerk's Tr. at 42-40.)

24 Bean claims the sentence he received violates his federal due process rights and his Sixth Amendment

25 rights.  (*See* Pet. at 5; Pet'rs Mem. P. & A. Supp. Pet. at 5-30.)  He also argues that trial counsel was

26 ineffective for failing to raise the sentencing issues if his sentencing issues are found to have been

27 waived.  (Pet. at 6; Pet'rs Mem. P. & A. Supp. Pet. at 30-34.)

28 / / /

1    The Court has considered the Petition, Petitioner's Memorandum of Points and Authorities in

2  Support of the Petition, Respondent's Answer and Memorandum of Points and Authorities in Support

3  of the Answer, the Traverse submitted by Bean, the Lodgments submitted by Respondent and all the

4  supporting documents submitted by the parties.  Based upon the documents and evidence presented in

5  this case, and for the reasons set forth below, the Petition is **GRANTED** in part and **DENIED** in part.

6  **II.      FACTUAL BACKGROUND**

7    This Court gives deference to state court findings of fact and presumes them to be correct.  *See*

8  28 U.S.C. § 2254(e)(1); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992) (holding findings of

9  historical fact, including inferences properly drawn from these facts, are entitled to statutory

10 presumption of correctness).  Bean pleaded guilty to voluntary manslaughter and illegal possession of

11 a firearm and admitted an allegation that he personally used a gun pursuant to a plea bargain he entered

12 into with the prosecutor.  The facts taken from the appellate court's opinion are as follows:

13         At approximately 8:07 p.m. on November 4, 2005, Bakersfield police officers
           responded to an apartment complex and found Marcel Lincoln mortally wounded.  The
14         officers eventually interviewed codefendant Anterrell Jackson who told them that Bean
           shot the victim.  On November 5, 2005, police officers interviewed Bean.  Bean told
15         them that he shot Lincoln after Lincoln pointed a gun at him.

16         On February 9, 2006, Bean entered his plea in this matter in exchange for a
           maximum sentence of 13 years and the dismissal of a murder charge and other
17         enhancements. During the change of plea proceedings the following colloquy occurred:

18         "MR. LUKEHART [DEFENSE COUNSEL]: We have a
           disposition, your Honor.  Would the court like me to recite it?

19
           "THE COURT: Please.

20
           "MR. LUKEHART: Mr. Bean will enter a plea of no contest to
21         a lesser of Count 1, a violation of 192(a), voluntary manslaughter.

22         "He will also enter into an admission of a new and additional
           enhancement pursuant to Penal Code Section 12022.5(a).  That's the
23         personal use allegation.

24         "He will also enter a no contest plea to the charge in Count 2, a
           violation of 12021(c)(1).  The enhancement will be dismissed.

25
           "And all that for a 13-year lid.

26
           "THE COURT: And, Mr. Lukehart, the calculations to the 13-
27         year lid?

28 / / /

1

2

"MR. LUKEHART: *Well if the court wanted to give 13, it could give the low term on the manslaughter, plus the full 10 years on the enhancement, and run Count 2 concurrent or stay it. That would get to 13.* There are other permutations.

3

4

"The least Mr. Bean can get under this disposition is a six-year sentence."  (Italics added.)

5

6

7

8

9

10

At Bean's sentencing hearing on March 21, 2006, the court found one mitigating circumstance, i.e., Bean's early plea in the proceedings and one aggravating circumstance, i.e., that his offense involved planning.  It also imposed an aggregate 13-year term as follows: the mitigated term of 3 years on Bean's voluntary manslaughter conviction, the aggravated term of 10 years on the arming enhancement in that count, and a concurrent, mitigated term of 16 months on Bean's conviction for unlawful possession of a firearm.  In imposing the mitigated term on the two substantive offenses the court found that the single mitigating circumstance outweighed the single aggravating circumstance.  The court, however, did not state any reasons for imposing the aggravated term on the arming enhancement.  Neither Bean nor his defense counsel objected to the court's failure to state reasons for imposing the aggravated term on this enhancement.

11

(Lodgment No. 4 at 2-3.)

12

## III.    PROCEDURAL BACKGROUND

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On February 9, 2006, the Kern County District Attorney filed an Amended Complaint charging Zentory T. Bean with the one count of murder, a violation of California Penal Code ("Penal Code") section 187(a), and one count of illegal possession of a firearm by a convicted felon, a violation of Penal Code section 12021(c)(1).  (Lodgment No. 1 at 29-32.)  The Complaint also alleged that Bean was a member of a criminal street gang at the time he committed the murder and possessed the firearm and that the murder and the possession of the firearm was committed to further the activities of the gang, within the meaning of Penal Code section 190.2(a)(22), that Bean personally used a firearm, within the meaning of Penal Code section 12022.53(d), and that Bean was a principal in the murder, within the meaning of Penal Code section 12022.53(d) and (e)(1).  (*Id.*)  Pursuant to a negotiated plea deal, the district attorney amended the complaint to add a third count, voluntary manslaughter, a violation of Penal Code section 192(a) and an allegation as to that count that Bean personally used a firearm in the commission of the voluntary manslaughter, a violation of Penal Code section 12022.5(a).  (*Id.* at 38.)  Bean then pleaded no contest to count two, possession of a firearm by a convicted felon, and the amended count three, voluntary manslaughter with a personal use of a firearm enhancement, in exchange for a maximum sentence of thirteen years in prison.  (*Id.* at 39.)  Bean was sentenced to thirteen years in prison.  (*Id.* at 85-86.)

1   Bean appealed his sentence.  (Lodgment No. 3.)  The California Court of Appeal for the Fifth

2   Appellate District denied the appeal in an unpublished opinion filed March 23, 2007.  (Lodgment No.

3   4.)  Bean then filed a Petition for Review in the California Supreme Court, which denied the petition

4   without citation of authority.  (Lodgment No. 5.)

5   Bean filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States

6   District Court for the Eastern District of California on December 5, 2007 [doc. no. 1].  Respondent filed

7   an Answer on March 11, 2008 [doc. no. 7].  Bean filed a Traverse on May 8, 2008 [doc. no. 12].)  The

8   matter was transferred to this Court on November 25, 2008 [doc. no. 13].

9   **IV.     DISCUSSION**

10          A.      Scope of Review

11   Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal

12   habeas corpus claims:

13          The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
       entertain an application for a writ of habeas corpus in behalf of a person in custody
14      pursuant to the judgment of a State court only on the ground that he is in custody in
       violation of the Constitution or laws or treaties of the United States.

15

16   28 U.S.C. § 2254(a) (2006) (emphasis added).  As amended, 28 U.S.C. § 2254(d) reads:

17          (d) An application for a writ of habeas corpus on behalf of a person in custody
       pursuant to the judgment of a State court shall not be granted with respect to any
18      claim that was adjudicated on the merits in State court proceedings unless the
       adjudication of the claim –

19
              (1) resulted in a decision that was contrary to, or involved an
20         unreasonable application of, clearly established Federal law, as
           determined by the Supreme Court of the United States; or
21
              (2) resulted in a decision that was based on an unreasonable
22         determination of the facts in light of the evidence presented in the State
           court proceeding.

23

24   28 U.S.C. § 2254(d)(1)-(2) (2006) (emphasis added).

25   "[The Anti Terrorism and Effective Death Penalty Act] establishes a 'highly deferential standard

26   for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the

27   / / /

28   / / /

1  doubt.'" *Womack v. Del Papa*, 497 F.3d 998, 1001 (9th Cir. 2007) (quoting *Woodford v. Viscotti*, 537

2  U.S. 19, 24 (2002)).  The Supreme Court interprets § 2254(d)(1) as follows:

3  Under the "contrary to" clause, a federal habeas court may grant the writ if the state
   court arrives at a conclusion opposite to that reached by this Court on a question of law
4  or if the state court decides a case differently than this Court has on a set of materially
   indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas
5  court may grant the writ if the state court identifies the correct governing legal principle
   from this Court's decisions but unreasonably applies that principle to the facts of the
6  prisoner's case.

7  *Id.* at 412-13; *see also Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003).

8    Where there is no reasoned decision from the state's highest court, the Court "looks through"

9  to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991).  A state

10  court, however, need not cite Supreme Court precedent when resolving a habeas corpus claim.  *Early*

11  *v. Packer*, 537 U.S. 3, 8 (2002).  "[S]o long as neither the reasoning nor the result of the state-court

12  decision contradicts [Supreme Court precedent,]" *id.*, the state court decision will not be "contrary to"

13  clearly established federal law.  *Id.*

14    B.  Analysis

15    Bean raises three claims in his petition.  First, he argues that the trial court abused its discretion

16  and violated the terms of the plea agreement when it sentenced him to thirteen years.  (Pet. at 5; Pet's

17  Mem. P. & A. Supp. Pet. at 5-21.)  Second, he alleges the trial court's imposition of the upper term of

18  ten years on the firearm enhancement violates his federal constitutional rights as set forth in *Apprendi*

19  *v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004) and *Cunningham v.*

20  *California*, 549 U.S. 270 (2007).  (Pet. at 5; Pet'rs Mem. P. & A. Supp. Pet at 21-30.)  Third, Bean

21  argues that if the Court finds that claims one or two were waived, he suffered ineffective assistance of

22  counsel.  (Pet. at 6; Pet'rs Mem. P. & A. Supp. Pet. at 34.)  Respondent contends the state court's

23  resolution of Bean's first claim is neither contrary to, nor an unreasonable application of, clearly

24  established Supreme Court law.  (Answer at 6.)  Respondent argues claim two is procedurally barred

25  and that claim three is "inapplicable to the instant case."  (*Id.* at 9-12.)

26    1.  *Due Process and Violation of the Plea Agreement*

27    Bean contends the state court abused its discretion when it sentenced him to the upper,

28  aggravated term of ten years on the Penal Code section 12022.5(a) enhancement.  (Pet. at 5; Pet'rs Mem.

1   P. & A. Supp. Pet. at 6-21.)  As support for this claim, Bean argues the record establishes the trial judge

2   did not know he had the discretion to sentence Bean to a lesser term, the ten year term was imposed

3   simply to arrive at a specific number of years in prison, and the same facts which supported a mitigating

4   sentence for the voluntary manslaughter conviction supported a mitigated sentence for the gun

5   enhancement.  (*Id.*)  Federal habeas relief is not available for an alleged error in the interpretation or the

6   application of state law.  *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  "In

7   conducting habeas review, a federal court is limited to deciding whether a conviction violated the

8   Constitution, laws or treaties of the United States."  *Estelle*, 502 U.S. at 68.  Respondent correctly argues

9   that to the extent Bean contends the state court violated state law in its imposition of the sentence, he

10  is not entitled to relief.  (Answer at 6.)

11         Bean also appears to argue that the imposition of the aggravated sentence violates his federal due

12  process rights because the court imposed a sentence that was contrary to the applicable statutory

13  sentencing rules.  (Pet. at 5; Pet'rs Mem. P. & A. Supp. Pet. at 5-20; Pet'rs Traverse at 5-8.)  In addition,

14  he contends the state court violated the terms of the plea agreement by sentencing him to the aggravated

15  term on the gun enhancement.  (Pet. at 5; Pet'rs Mem. P. & A. Supp. pet at 6-21.)  Specifically, Bean

16  contends that the plea agreement was inherently based on an assumption that the state trial judge would

17  follow the rules of court, but that the judge violated those rules when he imposed the aggravated

18  sentence on the gun enhancement despite the fact that he had found mitigating circumstances for the

19  voluntary manslaughter charge and sentenced him to the mitigated term on that charge.  (Pet'rs Mem.

20  P. & A. Supp. Pet. at 20-21.)

21         Bean raised this claim in the petition for review he filed in the California Supreme Court.  That

22  court denied the petition without citation of authority.  (*See* Lodgment No. 5.)  Accordingly, this Court

23  must "look through" to the California Appellate Court's opinion denying the claim.  *Ylst*, 502 U.S. at

24  801-06.  That court wrote:

25         Plea bargaining is a widely used practice that is essential to the efficient and fair
       operation of the criminal justice system. (*People v. West* (1970) 3 Cal.3d 595, 604.)  In
26     a plea bargain, "the defendant agrees to plead guilty in order to obtain a reciprocal
       benefit, generally consisting of a less severe punishment than that which could result if
27     he were convicted of all offenses charged. [Citation.]  This more lenient disposition of
       the charges is secured in part by prosecutorial consent to the imposition of such clement
28     punishment [citation], by the People's acceptance of a plea to a lesser offense than that

1  charged, either in degree [citation] or kind [citation], or by the prosecutor's dismissal of
   one or more counts of a multi-count indictment or information.  Judicial approval is an
2  essential condition precedent to the effectiveness of the 'bargain' worked out by the
   defense and prosecution.  [Citations.]  But implicit in all of this is a process of
3  'bargaining' between the adverse parties to the case — the People represented by the
   prosecutor on one side, the defendant represented by counsel on the other — which
4  bargaining results in an agreement between them. [Citation.]" (*People v. Orin* (1975)
   13 Cal.3d 937, 942-943; see §§ 1192.1, 1192.2, 1192.4, 1192.5.)

5
       As a general rule, a plea bargain approved by the court is enforceable under
6  contract principles.  (See *Santobello v. New York* (1971) 404 U.S. 257, 260-62; *People
   v. Walker* (1991) 54 Cal.3d 1013, 1024.)  "When a guilty plea is entered in exchange for
7  specified benefits such as the dismissal of other counts or an agreed maximum
   punishment, both parties, including the state, must abide by the terms of the agreement.
8  (*Ibid.*)  A court may not impose punishment significantly greater than what was agreed
   upon.  Moreover, "the specification of a maximum sentence or lid in a plea agreement
9  normally implies a mutual understanding of the defendant and the prosecutor that the
   specified maximum term is one that the trial court may lawfully impose and also a
10 mutual understanding that, absent the agreement for the lid, the trial court might lawfully
   impose an even longer term." (*People v. Shelton* (2006) 37 Cal.4th 759, 568.)

11
       Here, during the change of plea proceedings defense counsel specifically agreed
12 that if the court imposed the maximum, aggregate term of 13 years under the plea
   agreement, it could do so by imposing the lower term of 3 years on Bean's voluntary
13 manslaughter conviction and the aggravated term of 10 years on the arming
   enhancement. Further, by imposing the aggravated term on the arming enhancement and
14 the mitigated term on his manslaughter offense the court merely sentenced Bean in a
   manner authorized by his plea agreement.  In view of this, we conclude that the court's
15 failure to state that it was imposing the aggravated term on the arming enhancement does
   not indicate that it misunderstood its discretion to impose a lower term.  Similarly, the
16 imposition of a sentence in accord with Bean's plea bargain refutes Bean's contentions
   that the court reasoned backwards to a specific sentence or that it was required to impose
17 the mitigated term because the mitigating circumstances outweighed the aggravating
   circumstances.  Accordingly, we reject Beans' contention that the court abused its
18 discretion when it sentenced him to an aggregate term of 13 years.

19 (Lodgment No. 4 at 3-6.)

20     "Absent a showing of fundamental unfairness, a state court's misapplication of its own

21 sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir.

22 1994).  There is simply no evidence that Bean's sentence is fundamentally unfair.  The sentences he

23 received for the manslaughter, gun possession and the gun enhancement were authorized by California

24 law.  *See* Cal. Penal Code §§ 193, 12022.5(a), 12021.

25     As to Bean's argument that his sentence violates his plea agreement, "[p]lea agreements are

26 contractual in nature and are measured by contract law standards." *United States v. De la Fuente*, 8 F.3d

27 1333, 1337 (9th Cir. 1993).  The Due Process Clause of the federal Constitution confers on a defendant

28 the right to enforce the terms of a plea agreement. *Brown v. Poole* 337 F.3d 1155, 1159 (9th Cir. 2003).

1   "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can

2   be said to be part of the inducement or consideration, such promise must be fulfilled."  *Santobello v.*

3   *New York*, 404 U.S. 257, 262 (1971).  The government "ordinarily must bear responsibility for any lack

4   of clarity" in a plea agreement.  *De la Fuente*, 8 F.3d at 1337-38.  The Court must construe ambiguous

5   plea agreements by what the defendant reasonably understood to be the plea agreement's terms when

6   he pleaded guilty.  *Id.* at 1337-38, nn. 7-8.

7           Bean pleaded guilty to voluntary manslaughter and unlawful possession of a firearm, and

8   admitted an enhancement that he personally used a gun. (Lodgment No. 1 at 42-51.)   In exchange,

9   other charges were dropped and he was to be sentenced to no more than thirteen years in prison.  (*Id.*

10  at 43-48.)  Bean was advised that the maximum amount of prison time he could have received without

11  the plea agreement was twenty-one years and eight months.  (*Id.* at 44, 46.)  He indicated he had had

12  enough time to consult with his attorney about the plea agreement, did not have any questions about the

13  agreement or the proceedings, and that no one had promised him anything other than what had been

14  discussed on the record in exchange for his plea.  (*Id.* at 48.)  The terms of the agreement were not

15  violated by the thirteen year sentence.  Indeed, as the record reflects, Bean was well aware that he could

16  receive up to thirteen years and there was no guarantee he would receive less.  Further, there is no

17  ambiguity in the agreement.  As the state court correctly concluded, Bean's sentence does not violate

18  the plea agreement in any way.  (*See* Lodgment No. 4 at 4-6.)  Accordingly, the state court's resolution

19  of this claim is neither contrary to, nor an unreasonable application of, clearly established Supreme

20  Court law.  *Williams*, 529 U.S. at 412-13.  Bean is not entitled to relief as to this claim.  The Court

21  therefore denies the Petition as to this claim.

22          2.      *Application of Blakely/Cunningham*

23          Bean next argues that the imposition of the aggravated term of imprisonment for the gun

24  allegation violates his Sixth Amendment rights as delineated by *Apprendi*, *Blakely*, and *Cunningham*.

25  In *Cunningham*, the Supreme Court concluded that California's determinate sentencing law ("DSL")

26  violated defendants' jury trial rights safeguarded by the Sixth and Fourteenth Amendments because it

27  permitted "a judge to impose a sentence above the statutory maximum based on a fact, other than a prior

28  conviction, not found by a jury or admitted by the defendant." *Id*. at 275.  In Bean's case, the state judge

1    made a finding that the mitigating circumstance that Bean had entered his no contest plea early in the

2    proceedings outweighed the aggravating circumstance that the manner in which the crime was carried

3    out indicated planning. (Lodgment No. 1 at 102.)  Neither of these circumstances were found by a jury

4    beyond a reasonable doubt nor did Bean admit them as part of the plea agreement.  (*Id.* at 42-51.)

5    Respondent counters that the claim is procedurally defaulted because the state appellate court imposed

6    an independent and adequate state procedural bar, namely that Bean did not obtain a certificate of

7    probable cause pursuant to Penal Code 1237.5.  (Answer at 9-12; Lodgment No. 4 at 6.)

8           a.      *The Claim is Not Procedurally Defaulted*

9        The Ninth Circuit has held that because procedural default is an affirmative defense, Respondent

10    must first have "adequately pled the existence of an independent and adequate state procedural

11    ground . . . ." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).  While it is clear that California

12    Penal Code section 1237.5 is independent, what is not clear is that it is adequate.  "To be deemed

13    adequate, the state law ground for decision must be well-established and consistently applied." *Bennett*,

14    322 F.3d at 583.  As the court in *Bennett* stated, "[s]tate rules that are too inconsistently or arbitrarily

15    applied to bar federal review 'generally fall into two categories: (1) rules that have been selectively

16    applied to bar the claims of certain litigants ... and (2) rules that are so unsettled due to ambiguous or

17    changing state authority that applying them to bar a litigant's claim is unfair.'" *Id.* at 583 (quoting *Wood*

18    *v. Hall*, 130 F.3d 373, 377 (9th Cir. 1997)).

19        The state appellate court rested its decision that Bean needed a certificate of probable cause to

20    raise his *Blakely/Cunningham* claim on *People v. Bobbit*, 138 Cal. App. 4th 445, 477 (2006) which has

21    since been overruled by the California Supreme Court in *People v. French*, 43 Cal. 4th 36, 46 n. 2

22    (2008). (*See* Lodgment No. 4 at 6.)  The facts of *French* are startlingly similar to those in  Bean's case.

23    In *French*, the defendant pleaded no contest to six counts of lewd and lascivious conduct with a child

24    under the age of fourteen pursuant to a plea agreement in which he was to receive no more than eighteen

25    years in prison.  *French*, 43 Cal. 4th at 42. The state court judge found three aggravating circumstances

26    and one mitigating circumstance.  He sentenced French to the upper term on count one, the principal

27    count, and one third of the midterm on the other five counts for a total of eighteen years.  *Id.* at 43.

28    / / /

1   French appealed, arguing that the imposition of the upper term on the principal count violated

2   *Cunningham*.

3            On appeal, the Attorney General argued that French was required to get a certificate of probable

4   cause pursuant to 1237.5 in order to raise a claim under *Cunningham*.  The California Supreme Court

5   disagreed.  The court noted that Penal Code section 1237.5 normally requires a defendant to obtain a

6   certificate of probable cause in order to appeal a conviction, guilty plea or no contest plea.  The court

7   noted that "[t]his requirement does not apply, however if the appeal is based upon grounds that arose

8   after the entry of the plea and that do not affect the validity of the plea." *Id.*  The court further stated:

9            [I]n determining whether section 1237.5 applies to a challenge of a sentence
             imposed after a plea of guilty or not contest, courts must look to the substance of the
10           appeal: "the crucial issue is what the defendant is challenging, not the time or manner
             in which the challenge is made." [Citation.]  Hence, the critical inquiry is whether a
11           challenge to the sentence is *in substance* a challenge to the validity of the plea, thus
             rendering the appeal subject to the requirements of section 1237.5.

12

13   *Id.* at 44 (citing *People v. Panizzon*, 13 Cal. 4th 68, 76 (1996) (internal quotation marks omitted).

14            The court concluded that in French's case, "[a] certificate of probable cause [was] not

15   required . . . because defendant's claim does not constitute an attack upon the validity of the plea

16   agreement." *Id*. at 45.  The court specifically stated that "[t]o the extent that *People v. Bobbit* (2006)

17   138 Cal.App.4th 445, is inconsistent with this opinion, we disapprove it." *Id.* at 46, n. 2.

18            Before *French* was decided, at least two California appellate court cases applied the reasoning

19   of *Bobbit* to similar situations.  *See People v. Tilley*, No. C055089, 2007 WL 4376487 (Cal. Ct. App.

20   Dec. 17, 2007); *People v. Glaser*, No. C053974, 2007 WL 4183025 (Cal. Ct. App. Nov. 28, 2007).  At

21   least two other California appellate court cases declined to apply *Bobbit*.  *See People v. Salazar*, No.

22   C054666, 2008 WL 217489 (Cal. Ct. App. Jan. 25, 2008); *People v. Alexander*, No. B193760, 2007 WL

23   2938337 (Cal. Ct. App. Oct. 10, 2007).  Indeed, the California Supreme Court's ruling in *French*

24   regarding when a certificate of probable cause pursuant to Penal Code section 1237.5 was required was

25   in part dictated by the necessity of addressing the fallout from the Supreme Court's decision in

26   *Cunningham*, which was decided in January of 2007.  And, while the Ninth Circuit has concluded in an

27   unpublished opinion that Penal Code section 1237.5 is an independent and adequate state procedural

28   bar.  *Strong v. Sullivan*, 265 Fed. Appx. 489 (9th Cir., Jan. 23, 2008), that decision occurred before the

1    California Supreme Court's March 27, 2008 decision in *French* clarifying that a certificate of probable

2    is not required in a case like Bean's.

3          Given the foregoing, the Court cannot conclude that before the California Supreme Court's

4    ruling in *French*, California Penal Code section 1237.5 is an adequate state procedural bar.

5    Accordingly, the Court finds that Respondent has not carried the initial burden under *Bennett*.  322 F.3d

6    at 586.

7          b.      *Bean Has Established Cause and Prejudice Excusing Any Procedural Default*

8          Even if the Court were to conclude that Penal Code section 1237.5 is an independent and

9    adequate state bar, Bean has established cause and prejudice sufficient to overcome it.  *See Coleman v.*

10   *Thompson*, 501 U.S. 722, 750 (1991).  The Supreme Court has not stated definitively what constitutes

11   "cause" sufficient to excuse a procedural default.  *See McClesky v. Zant*, 499 U.S. 467, 493-94 (1991).

12   It is clear, however, that the cause prong is satisfied if Bean can demonstrate some "objective factor"

13   that precluded him from raising his claims in state court, such as constitutionally ineffective counsel by

14   failing to preserve a claim for review in state court.  *See Edwards v. Carpenter*, 529 U.S. 446 (2000)

15   (citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)); *see also Loveland v. Hatcher*, 231 F.3d 640,

16   644 (9th Cir. 2000); *Manning v. Foster*, 224 F.3d 1129, 1135 (9th Cir. 2000).

17         Bean has established the "cause" prong because he has shown he suffered ineffective assistance

18   of counsel with regard to his *Cunningham* claim.  To establish ineffective assistance, Bean must first

19   show that his trial counsel's performance fell below an objective standard of reasonableness.  *Strickland*

20   *v. Washington*, 466 U.S. 668, 687 (1984).  Judicial scrutiny of counsel's performance must be "highly

21   deferential."  *Id.* at 689.  Second, he must show counsel's deficient performance prejudiced the defense.

22   *Id.* at 687.  To satisfy the prejudice prong, Bean must demonstrate a reasonable probability that the result

23   of the proceeding would have been different absent the error.  *Id.* at 694.[1]

24         As Bean himself points out, the Supreme Court decided *Blakely* in 2004 and granted certiorari

25   in *Cunningham* on February 21, 2006.  *See Blakely*, 542 U.S. at 296; *People v. Cunningham*, No.

26   A103501, 2005 WL 880983 (Cal. Ct. App. Apr. 18, 2005), *cert. granted*, 546 U.S. 1169 (Feb. 21, 2006).

27

28         [1] The ineffective assistance of counsel claim which establishes "cause" for excusing a procedural default must be independently exhausted.  *Edwards*, 529 U.S. at 451-52.  Bean exhausted his ineffective assistance of counsel claim.  (*See* Lodgment No. 5.)

1  Bean was sentenced on March 21, 2006. (Lodgment No. 1 at 89.)  Thus, counsel was on notice that the

2  question whether the court could sentence Bean to the aggravated term on any count without a jury

3  finding on or an admission of an aggravating circumstance was, at a minimum, questionable.  Further,

4  *Bobbit* was decided on April 7, 2006.  Trial counsel filed a notice of appeal for Bean on May 15, 2006.

5  (*Id*. at 109.)  The notice of appeal indicates that Bean "will raise sentencing error in this appeal."  (*Id.*)

6  Counsel was thus also on notice that at least one California court had held that a certificate of probable

7  cause was required to raise a *Blakely* claim on appeal.  There is no reasonable, strategic reason that

8  counsel could have had to fail to either raise a *Blakely/Cunningham* claim at Bean's sentencing or fail

9  to secure a certificate of probable cause pursuant to *Bobbit*.

10       In addition, Bean has also established the second prong of *Strickland*, that he was prejudiced by

11  counsel's errors.  *Strickland*, 466 U.S. at 694.  Had counsel raised a *Blakely/Cunningham* challenge to

12  Bean's sentence in the trial court and secured a certificate of probable cause regarding the claim, Bean's

13  claim would not have been procedurally defaulted because that is the sole reason Bean's claim was

14  rejected by the state appellate court.

15       Finally, Bean has also established he suffered prejudice sufficient to excuse any procedural

16  default.  *Coleman*, 501 U.S. at 750.  In this context, prejudice has been defined as ". . .actual harm

17  resulting from the alleged error."  *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998).  The state trial

18  judge sentenced Bean in a manner inconsistent with *Cunningham* because he sentenced Bean to the

19  aggravated term based on facts that were not found beyond a reasonable doubt.  *See Cunningham*, 549

20  U.S. at 281-82, 288-89.  As discussed below in Section IV(B)(2)(d), Bean would not have been

21  sentenced to the aggravated term absent the error.

22       For all the foregoing reasons, the Court concludes that Bean's *Blakely/Cunningham* claim is not

23  procedurally defaulted.  In the alternative, the Court finds Bean has established cause and prejudice

24  sufficient to excuse any procedural default.

25       d.     *Merits*

26       Bean raised his *Cunningham* claim in the petition for review he filed in the California Supreme

27  Court.  (Lodgment No. 5.)  That court denied the petition without citation of authority, and thus this

28  Court must "look through" to the state appellate court's decision as the basis for its analysis.  (*Id*.; *Ylst*,

1    501 U.S. at 801-06.)  The state appellate court did not address the merits of the claim, however, because

2    it concluded it was not cognizable on appeal.  (Lodgment No. 4.)  Accordingly, this Court must review

3    the claim *de novo*.  *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2003).

4         As the Court has already noted, the Supreme Court held in *Cunningham* that California's DSL

5    violated defendants' jury trial rights safeguarded by the Sixth and Fourteenth Amendments because it

6    permitted "a judge to impose a sentence above the statutory maximum based on a fact, other than a prior

7    conviction, not found by a jury or admitted by the defendant."  *Id*. at 275.  The *Cunningham* court held

8    that the "statutory maximum" is the middle term.  *Id.* at 288-89.

9         Bean pleaded guilty to one count of voluntary manslaughter and one count of illegal possession

10   of a firearm, and admitted an enhancement that he personally used a firearm.  (*See* Lodgment No. 1 at

11   42-50.)  He was sentenced to the mitigated term of three years on the voluntary manslaughter, the

12   mitigated term of one year, four months on the illegal possession of a firearm charge, and the aggravated

13   term of ten years on the gun enhancement charge.  (*Id.* at 89-104; Lodgment No. 4 at 3.)  He did not

14   admit any facts that would have supported the aggravated term on the gun enhancement charge, nor did

15   he waive his rights under *Blakely/Cunningham* as part of his plea agreement.  (Lodgment No. 1 at 42-

16   50.)  This is precisely the action proscribed by *Cunningham*.  *See Cunningham*, 549 U.S. at 288-89.

17        Having found constitutional error, the Court must conduct the harmless error analysis prescribed

18   by *Brecht v. Abrahamson*, 507 U.S. 619 (1993).  *See Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008).

19   *Brecht* requires the Court to determine whether "the error had a substantial and injurious effect on

20   [Bean's] sentence."  *Id.* (quoting *Hoffman v. Arave*, 236 F.3d 523, 540 (9th Cir. 2001)).  "Under that

21   standard, we must grant relief if we are in 'grave doubt' as to whether a jury would have found the

22   relevant aggravating factors beyond a reasonable doubt. *Id*. (quoting *O'Neal v. McAninch*, 513 U.S. 432,

23   436 (1995)).  "Grave doubt exists when, 'in the judge's mind, the matter is so evenly balanced that he

24   feels himself in virtual equipoise as to the harmlessness of the error.'" *Id.* (quoting *O'Neal*, 513 at 435).

25        As the Court has noted, the "statutory maximum" for the gun enhancement charge is the middle

26   term. *Cunningham*, 549 U.S. at 288-89.  *Cunningham* reiterated the rule, set forth in *Apprendi*, that

27   "[o]ther than a prior conviction . . . 'any fact that increases the penalty for a crime beyond the statutory

28   maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id.* (quoting *Apprendi*,

530 U.S. at 490).  According to the probation report,  Bean had two prior convictions, one for simple

1  battery (Penal Code section 243(a)) in March of 2004; he was sentenced to pay a fine, then later received

2  three days in the county jail instead when he failed to pay the fine.  (Lodgment No. 2 at 2,)  In April of

3  2005, he was sentenced to three days in jail for failing to appear as a result of a ticket he received for

4  driving on a suspended license (Vehicle Code section 14601(a)) and  failure to have proof of vehicle

5  insurance (Vehicle Code 16028(c)).  (*Id.* at 3.)  Given that the sentencing judge gave Bean the mitigated

6  sentence on both the voluntary manslaughter conviction and the illegal possession of firearm conviction,

7  the Court is in "grave doubt" that the state judge would have given Bean the aggravated sentence of ten

8  years on the gun enhancement charge solely based on Bean's prior convictions or that such a sentence

9  could have been justified under state law.  Thus, even given the prior conviction exception of

10  *Cunningham*, the Court concludes that the constitutional error committed in this case was not harmless.

11  *See Butler*, 528 F.3d at 648.  Accordingly, and for all the foregoing reasons, the Court **GRANTS** the

12  petition on this ground.

13          3.          *Ineffective Assistance of Counsel*

14          Bean argues that trial counsel was ineffective for failing to object to his sentence on

15  *Blakely/Cunningham* grounds.  (Pet. at 6; Pet'rs Mem. P. & A. Supp. Pet. at 30-34.)  The Court has

16  already concluded in Section IV(B)(2) above that counsel was ineffective for failing to object to Bean's

17  sentence on Sixth Amendment grounds in the trial court and to secure a certificate of probable cause

18  pursuant to Penal Code section 1237.5 as *Bobbit* required and that he was prejudiced by the

19  ineffectiveness.  Accordingly, the Court **GRANTS** Bean's petition on this ground as well.

20  **V.      CONCLUSION**

21          Having carefully considered Bean's Petition, Respondent's Answer and Memorandum of Points

22  and Authorities in Support of the Answer, Bean's Traverse, and all the documents and legal authorities

23  submitted by the parties, for all the foregoing reasons the Court **DENIES** the Petition as to Bean's claim

24  that his sentence violates due process or the terms of his plea agreement and conditionally **GRANTS**

25  the petition as to Bean's claim that his sentence on the Penal Code section 12022.5(a) enhancement

26  violates *Cunningham* and as to his claim that he was denied the effective assistance of counsel.  The

27  state

28  / / /

/ / /

1

2  shall recalculate Bean's sentence consistent with the opinion in *Cunningham* within a reasonable amount

3  of time.

4       **IT IS SO ORDERED.**

5  DATED:  June 17, 2009

6  _____
   M. James Lorenz

7  United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28