# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| ZENTORY T. BEAN,<br><br>                 Petitioner,<br><br>vs.<br><br>MATTHEW CATE, Secretary,[1]<br><br>                 Respondent. | Civil No.      1:07-1764 MJL (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO ALTER OR AMEND JUDGMENT; and**<br><br>**(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.     INTRODUCTION

On June 17, 2009, this Court issued an Order granting in part and denying in part Petitioner Zentory T. Bean's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (*See* Order dated June 17, 2009, *Bean v. Tilton*, 1:07cv1764 MJL (NLS) [doc. no. 15].) The Court granted habeas relief based on Bean's claim that his Sixth Amendment rights, as defined by *Blakely v. Washington*, 542 U.S. 296 (2004) and *Cunningham v. California*, 549 U.S. 270 (2007), were violated when he was sentenced to the upper term of imprisonment on his Penal Code section 12022.5(a) conviction for personally using a firearm in the commission of a felony and found the constitutional error was not

---

[1] The Court sua sponte substitutes the current Secretary of the California Department of Corrections and Rehabilitation as Respondent in this matter. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief officer in charge of state penal institutions).

harmless. (*See* Order at 12-14.) Respondent subsequently filed a Motion to Alter or Amend Judgment pursuant to Fed.R.Civ.P. 59(e), arguing that the Order granting habeas relief was based on a clear error of law. (*See* Mot. to Alter or Amend Judgment [doc. no. 17].) For the reasons discussed below, the Court **GRANTS** the motion and **DENIES** the petition for writ of habeas corpus in its entirety.

## II. ANALYSIS

Bean pleaded guilty to voluntary manslaughter and illegal possession of a firearm, and admitted an allegation that he personally used a firearm. At sentencing, the court found one mitigating circumstance, Bean's early admission of guilt, and one aggravating circumstance, that the offense involved planning. (Lodgment No. 4 at 2-3.) Concluding the mitigating circumstances outweighed the aggravating circumstances, the court sentenced Bean to the mitigated term for the voluntary manslaughter and the illegal possession of a firearm. (*Id.*) The court sentenced Bean under California's Determinate Sentencing law (DSL) to the aggravated term of six years in prison on the gun enhancement charge but did not state any reason for this choice. (*Id.*)

The gun enhancement Bean admitted, California Penal Code section 12022.5(a), states that a sentence of five, six or ten years' imprisonment must be imposed for a violation of the section. (Cal. Penal Code § 12022.5(a). Pursuant to the version of California Penal Code section 1170.1(d) in effect at the time of Bean's sentencing, "[i]f an enhancement is punishable by one of three terms, the court shall impose the middle term unless there are circumstances in aggravation or mitigation. . . ." (Cal. Penal Code § 1170.1(d).) California Rules of Court, Rule 4.421 sets forth the aggravating factors that a court may consider in deciding whether to impose an aggravated term. Rule 4.421(a)(8) states that an aggravating factor is "[t]he manner in which the crime was carried out indicates planning . . . ." Cal.R.Ct. 4.421(a)(8). In his guilty plea, Bean did not admit any facts which established the crime involved planning.

In its Order granting habeas relief, the Court began with the proposition that the Supreme Court held in *Cunningham* that California's DSL violated defendants' jury trial rights safeguarded by the Sixth and Fourteenth Amendments because it permitted "a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Cunningham*, 549 U.S. at 275. The *Cunningham* court held that the "statutory maximum"

is the middle term. *Id.* at 288-89. The DSL under which Bean was sentenced was precisely the scheme invalidated by the Supreme Court in *Cunningham* and the reason why constitutional error occurred. *Cunningham*, 549 U.S. at 288-89.

The Court then concluded that the error was not harmless because it was in "'grave doubt' that the state judge could have or would have given Bean the aggravated sentence of ten years on the gun enhancement charge solely based on Bean's prior convictions or that such a sentence could have been justified under state law." (Order at 14.) It is this portion of the Court's analysis with which Respondent takes issue. (Mot. at 2-3.) Specifically, Respondent argues that the Court used the wrong standard to decide whether the error was harmless because under *Butler v. Curry*, "the relevant question is not what the trial court *would* have done, but what it legally *could* have done." *Butler*, 528 F.3d 624, 648 (9th Cir. 2008). As the *Butler* court explained:

> After one aggravating factor was validly found, the trial court legally *could* have imposed the upper term. That the judge might not have done so in the absence of an additional factor does not implicate the Sixth Amendment, as that consideration concerns only the imposition of a sentence within an authorized statutory range.

*Id.* at 648-49.

Under *Butler*, any *Cunningham* error is harmless if at least one aggravating factor under California law was admitted to by the defendant or was found by a jury beyond a reasonable doubt. *See Butler*, 528 F.3d at 643. As Respondent correctly argues in his motion, in Bean's case, it is irrelevant whether the Court is in "grave doubt" as to whether the state trial court *would* have sentenced Bean to the aggravated term. The only question is whether the state court *could* have done so. The Court must answer that question in the affirmative. Rule 4.421(b) states the following applicable circumstances in aggravation:

(b) Factors relating to the defendant

    (1) The defendant had engaged in violent conduct that indicates a serious danger to society;

/ / /

/ / /

/ / /

>   (2) The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness;
>
>   . . . .

Cal.R.Ct. 4.421(b)(1), (2).

Bean's admission that he committed manslaughter and used a gun establishes both of these valid, aggravating factors in a manner consistent with *Cunningham* and the Sixth Amendment. *See Butler*, 528 F.3d at 648-49. Manslaughter is unequivocally "violent conduct that indicates a serious danger to society." In addition, Bean's prior conviction for battery and his current convictions for manslaughter and use of a gun establish that his convictions are "of increasing seriousness." *See People v. Clark*, 12 Cal. App. 4th 663, 666 (1992) ("The offense for which a defendant is being sentenced may be considered in determining that his or her convictions are of increasing seriousness.")

Accordingly, the Court agrees that granting Bean's petition was based on clear error because at least one appropriate aggravating factor was established in a manner consistent with the Sixth Amendment. *Butler*, 528 F.3d at 643; *Cunningham*, 549 U.S. at 288-89.

## III. CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Respondent's motion to alter or amend the judgment. The petition is **DENIED** in its entirety for the reasons stated above and in the Court's previous Order.

**IT IS SO ORDERED.**

DATED: March 11, 2010

M. James Lorenz
United States District Court Judge