**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| ZENTORY T. BEAN,<br><br>                              Petitioner,<br><br>       vs.<br><br>MATTHEW CATE, Secretary,[1]<br><br>                              Respondent. | Civil No.         1:07-1764 MJL (NLS)<br><br>**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY** |

**I.     INTRODUCTION**

Petitioner filed a Petition for Writ of Habeas Corpus in the United States Court for the Eastern District of California on December 5, 2007. (*See* Doc. No. 1.) On November 25, 2008, the matter was transferred to this Court. (*See* Doc. No. 13.) The petition was granted in part and denied in part in an Order filed June 17, 2009. (*See* Doc. No. 15.) Thereafter, Respondent filed a Motion to Alter or Amend the Judgment on June 29, 2009. (*See* Doc. No 17.) The Court granted the motion on March 15, 2010 and denied the petition in its entirety. (*See* Doc. No. 19.) Petitioner filed a motion for a certificate of appealability (COA) on April 14, 2010. (*See* Doc. No. 22.)

/ / /

---

[1] The Court substitutes the current Secretary of the California Department of Corrections and Rehabilitation as Respondent in this matter. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief officer in charge of state penal institutions).

## II. REQUEST FOR CERTIFICATE OF APPEALABILITY

A COA is required pursuant to 28 U.S.C. § 2253 before a petitioner can pursue an appeal. A COA will issue when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002), *quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Bean has asked this Court to grant a COA on the question whether the aggravated term he received as part of his sentence violated his Sixth Amendment right, as delineated in *Cunningham v. California*, 549 U.S. 270 (2007), because it was "based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Id*. at 275. The Court finds Bean has not made a 'substantial showing of the denial of a constitutional right" warranting the issuance of a COA with respect to any of his articulated grounds because none of his grounds presents a debatable issue raising any constitutional concern or colorable claim for relief deserving of further proceedings.

Bean first contends the fact relied upon by the trial court to impose the aggravated term on the gun enhancement charge, that the manner in which the offense was committed indicated planning, was not found by a jury and was specifically contradicted by Bean's plea to voluntary manslaughter, which is defined as a killing without malice. (Pet'rs Req. for COA at 6-7.) As the Court concluded in its Order granting Respondent's Motion to Alter or Amend the Judgment, under *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008), any *Cunningham* error in Bean's sentence was harmless because an aggravated term may be imposed if at least one valid aggravating factor was found by a jury or admitted to by the defendant. Bean's admission that he committed manslaughter and personally used a gun, coupled with his prior convictions, satisfied two valid aggravating factors: (1) "the defendant engaged in violent conduct that indicates a serious danger to society"; and (2) "the defendant's prior convictions as an adult . . . are numerous or of increasing seriousness" that the trial court *could have* validly relied on. *See Butler*, 528 F.3d at 648; Cal.R.Ct. 4.421(b)(1), (2). That the trial court actually used a different aggravating factor to enhance Bean's sentence does not render the sentence invalid. *Butler*, 528 F.3d at 648

1     Bean also notes that the prosecution did not file and serve a Statement in Aggravation four days
2 prior to sentencing, as required by the California Rules of Court. Bean claims the trial court thus could
3 not have legally imposed the aggravated term. (Pet'rs Req. for COA at 8.) Even if Bean's interpretation
4 of California law is correct, however, the prosecution's failure to file such a statement does not alter the
5 fact that an aggravated sentence could have been legally imposed at a later date, rendering any error
6 harmless. *See Butler*, 528 F.3d at 648.

7     Finally, Bean contends that *People v. Black ("Black II")*, 41 Cal. 4th 799 (2007), which held that
8 as long as the trial court relies on one properly found aggravating factor to impose the aggravated term,
9 the Sixth Amendment is satisfied, improperly altered California's Determinate Sentencing Law (DSL)
10 because it did not require the sentencing court to find that the aggravating factors *outweighed* the
11 mitigating ones. (Pet'rs Req. for COA at 8-17.) Federal habeas relief, however, is not available for
12 alleged violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (stating that federal habeas
13 relief is not available for an alleged error in the interpretation or the application of state law); *see also*
14 28 U.S.C. § 2254(a). In any event, as discussed in this Court's Order granting Respondent's Motion to
15 Alter or Amend the Judgement, any *Cunningham* error committed by the trial court was harmless because
16 at least one aggravating factor was validly found by the trial court. *See Butler*, 528 F.3d at 648.

17     For all the foregoing reasons, the Court finds that "'[no] reasonable jurists would find the district
18 court's assessment of the constitutional claims debatable or wrong.'" *Beaty*, 303 F.3d at 984 *quoting*
19 *Slack*, 529 U.S. at 484. Bean has not made a "substantial showing" the challenged Order and Judgment
20 denied him a constitutional right on any of his asserted grounds. His request for a COA is therefore
21 **DENIED**.

22     **IT IS SO ORDERED.**

23 DATED: June 2, 2010

24                                         _____
                                            M. James Lorenz
25                                         United States District Court Judge